PROVIDED TO AVON PARK
CORRECTIONAL INSTITUTION
ON _10-18-24_ FOR MAILING
BY _A. HAMILTON_

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

CLARENCE EDWARD WALLESKE ,

Inmate ID Number: # G122l64 ,

(*Write your full name and inmate ID
number.*)

v.

RONTERRINIS WILLIAMS ,

JENNIFER LYONS ,

_____,

(*Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.*)

_____/

**Case No.:** 4:24 cv-203-WS-MAF
(*To be filled in by the Clerk's Office*)

**Jury Trial Requested?**
☑ **YES**  ☐ **NO**

FILED USDC FLND TL
OCT 18 '24 PM3:03

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: Clarence Edward Walleske    ID Number: #G12264

List all other names by which you have been known: _____

_____

Current Institution: Avon Park Work Camp

Address: 8100 Hwy. 64 - East

Avon Park, Florida 33825

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for **each and every** Defendant:

1. Defendant's Name: Ronterrious Williams

   Official Position: Sergeant at Liberty C.I.

   Employed at: D.O.C. Liberty Correction Institution

   Mailing Address: 11064 NW Dempsey Barron Rd.

   Bristol, Florida 32321

   ☑ Sued in Individual Capacity        ☐ Sued in Official Capacity

2. Defendant's Name: _Jennifer Lyons_

   Official Position: _Licensed Practical Nurse_

   Employed at: _Centurion Provider for D.O.C, Liberty C.I._

   Mailing Address: _11064 NW Dempsey Barron Rd._

   _Bristol, Florida 32321_

   ☑ Sued in Individual Capacity          ☐ Sued in Official Capacity

3. Defendant's Name: _____

   Official Position: _____

   Employed at: _____

   Mailing Address: _____

   _____

   ☐ Sued in Individual Capacity          ☐ Sued in Official Capacity

   (*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)       ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee                 ☐ Civilly Committed Detainee

☑ Convicted State Prisoner          ☐ Convicted Federal Prisoner

☐ Immigration Detainee              ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

Statement of Facts   (Page 1 of 3)

1. While Plaintiff was housed Liberty C.I., 11064 NW Dempsey Barron Rd, Bristol, Fla., I dorm, quad#1, Cell#111L on 2-19-2024, was one time PERA victim of Sexual Battery, by unknown Inmates.

2. Liberty C.I. is a negitive transfer Camp that is well known for numerous stabbings and beatings that Plaintiff personally witnessed in 1½ years, approximately 18-20 stabbings, several beatings (staff to).

3. Made up of mostly Gangs and life sentences, where lots of "violence" ran amuck the dorms and home-made weapons seem to be the norm or perhaps close to it, requiring medical or hospitalization.

4. Plaintiff had been in H 1, bunk 102, September 2022, Requested Classification Officer Mrs. Bailey to get moved or transfer to a non-violent place, reason, age 64, sexual charges, feared being attacked or beaten or anything worse, that Plaintiff witnessed stabbings and beatings at foot of his bed.

5. Request Granted to I dorm, Quad 1, Cell#111L, October 2022, which Plaintiff was housed to 2/19/2024, the day PERA occurred, that Defendant Rontessious Williams (hereafter "Sgt. Williams) was dorm Sargeant.

6. Sgt. Williams voluntarary opened Security door Quad#3, and allowed two John Doe(s) inmates, that Sgt. Williams knew to exit that Quad they were housed in, without an Officer, 2/19/2024.

7. Sgt. William's then opened Security door Quad#1, allowing both John Doe(s) inmates to enter the dorm on 2/19/2024, in an unauthorized area, without an Officer, or reason, cell#111L.

8. Sgt. Williams, of his own volition, opened security door(s), and allowed two John Doe(s) inmates to sexually assaulted and mercilessly beat and stabbed, and rob the Plaintiff.

9. Sgt. Williams recklessley disregarded Plaintiff's complaint of fear, gang violence, stabbings that Classification Officer Mrs. Bailey warned Sgt. Williams about, and charges, on Plaintiff's Request.

10. Within the dorm of Sgt. Williams, Plaintiff witnessed the brutal enviroment of Stabbings, beatings, stealings, inmate(s) thrown over top railing(s), occurred regularly in I dorm, Quad#1.

11. Plaintiff, 2/19/2024, while sitting down using toilet, boxers/shorts to ankles, looking at floor, swiftly two John Doe(s) inmates with several weapons immediately went berserk screaming, utilizing 10" plexi-glass homemade knife, to throat of Plaintiff by John Doe#1, lacing statement that they going to kill Plaintiff, while John Doe#2, giving blows to the head with his weapon made from a shop broom, oak, brissels, without handle, weapons that Sgt. Williams failed to notice, or searched.

12. Plaintiff body-slammed to concrete floor, knife falling in scuffle, John Doe#2, giving blows to the head, then by fist and stomping head of Plaintiff with his boots, then stomping his chest, while John Doe#1 inmate, stabbing with ice pick Plaintiff's left naked buttox, and ramming his fingers and hand that had latex glove on, then after, proceeded to penatrate Plaintiff's anus with his penis, 30 to 35 minutes, Plaintiff then going through blackouts by beatings, 2/19/2024.

Statement of Facts Continued (Page 2 of 3)

13. Plaintiff coming too, putting boxers/shorts on, semen on floor and leaking from Plaintiff's anus, tooth, blood, latex used glove and one weapon - oak broom bristle bottom part, ramsacked cell, stolen canteen, Radio, headsets, razor, shoes etc., after PERA perpetrators left Quad 1, Cell# III, 2/19/2024, sexually physically assaulting, battering, terrorizing Plaintiff, Sgt. Williams, once again, without reason, voluntarily opened security door Quad#1, and allowed to exit two John Doe(s) inmates perpetrators to enter Quad#3, without searching them.

14. Sgt. Williams' action were grossly negligent as he also failed to patrol the Quads and complete his necessary security checks. 2/19/2024.

15. If John Doe(s) inmade(s) were searched by Sgt. Williams or Officer, in addition to stolen property, the following would been on person(s) : Weapons, bloody shirts, boots, pants/shorts, but Sgt. Williams failed to preserve the DNA, semen etc. that would had been on person(s).

16. Plaintiff reported PERA to aided Inmate(s), and officers, in which Plaintiff was made to walk un-aided by wheelchair or strecher to Medical Department.

17. Defendant Jennifer Lyons, L.P.N. on 2/19/2024, did medical assessment on Plaintiff whom may not been trained for the PERA incident, and steps to take as she assessed Plaintiff that he suffered many stab wounds, tooth loss, fractured bones, head Truma, dislocated jaw bone, mental truma, as Plaintiff had told her that PERA had happened to Plaintiff as she waited for half hour for Amblance to come.

18. Once Plaintiff in Amblance, Responders Greg Moran and Keturah Crump, both from Liberty County E.M.S., 2/19/2024, had been told PERA occurred, in which all clothing (boxers, T-shirt, shorts) were cut off and handed for evidence to Medical Defendant Jennifer Lyons for evidence, in which she failed to document evidence, for DNA testing, or lost the evidence.

19. Plaintiff made statement to Larry Childs, Assistant Warden, whom taken recorded statement and pictures of Plaintiff in Amblance, waiting to be Air lifted to Truma Center, then statements, recorded and pictures at Truma Center by Inspector General Tallahassee D.o.C., and I.G. from Liberty C.I., along with PERA investigator on 2/19/2024.

20. Plaintiff returned from Truma Center 2/22/2024 to D.o.C., where Jennifer Lyons L.P.N. Defendant, failed to follow-up proceedures for sergery, x-rays, theropy that she was aware of the PERA that happened to Plaintiff on 2/19/2024, calling hospital for updates.

21. Plaintiff in Confinement 2/23/2024, Y2102, placed on concrete floor in winter, 1 blanket that

Statement of Facts Continued (Page 3 of 3)

Sgt. Williams, now working as his Post on Friday(s) that Plaintiff was in Confinement, known that the two John Doe(s) inmates perpetrators whom just done PERA put Plaintiff purposely three cells from them (Y2105) as they were told of Plaintiffs PERA complaint naming them as assailants, as Sgt. Williams did nothing to protect Plaintiff, or move him.

22. Sgt. Williams stopping to speak to perpetrators, then laughing, as Plaintiff had to listen to John Doe(s) inmate(s) perpetrators threats of them going to kill him, and obscene sexual comments that they would do it again, after Sgt. Williams had left, but, that he could easily here as they shouted for all to hear and his charges.

23. Sgt. Williams, Defendant Jennifer Lyons L.P.N., seem to conspire and let things to be recorded, file, and investigate that on 2/19/2024, PERA incident on Plaintiff was only an assault, as John Doe(s) inmates gotten three months confinement, and No outside charges on them for them to do it again.

24. In addition to Plaintiffs Medical maladies, physical disabilities, Plaintiff suffers from P.T.S.D., all from PERA and handling of Sgt Williams security handling, and Jennifer Lyons L.P.N., hiding and/or ignoring PERA, and medical concerns.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1. Eighth Amendment, cruel and unusual punishment, through Due Process Clause 14th Amendment, U.S. Const. Amend. VIII. Sgt. Williams violated (Statement of Facts # 5,6,7,8,9,10,11, 13,14, 21,22,23,24), Plaintiff's Eighth Amendment Rights.

2. Deliberate Indifference: Sgt. Williams knew and disregarded the risk to Plaintiff as he PERA, was aware of facts from which the inference could be drawn that a substantial risk

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Due to Constitutional violations Petitioner requests monetary damages in the amount of $2,000,000 as partial compensation for pain and suffering, disability and physical impairment disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life experienced in past, or to be experienced in future, operations as a result of the ; RAPE! and injuries, any other damages awarded by Jury/Court,

V. STATEMENT OF CLAIMS (Cont. page 2 of 2)

of serious harm existed under U.S. Const. amend. VIII (See Statement of Facts #2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 21, 22, 23, 24).

3. Deliberate Indifference: Sgt. Williams subjective knowledge of serious harm, disregarded it, conduct more than negligence, U.S. Const. amend. VIII, (See Statement of facts# 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 21, 22, 23, 24, .

4. Eigth Amendment U.S. Const., cruel and unusual punishment, Defendant Jennifer Lyons, failed to report PERA, and failed to follow-up Sergery, x-rays. (See Statement of facts #: 17, 18, 20, 23, 24,), and other issues.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES (See Attachment)

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*  If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

## VII. Exhaustion of Administrative Remedies

Plaintiff started D.O.C. Grievance Complaint twice, February 28, 2024, to Assistant Warden Larry Childs, Wednesday, while in Confinement, when the grievance box was passed around, No answer reply back, and documented by Security Camera Video footage while in Y 2102 cell.

Plaintiff, once again tried to start D.O.C. Grievance/Complaint that was hand delivered to Assistant Warden Larry Childs on March 16, 2024, @ approximately 9:00 A.M., that Assistant Warden Larry Childs had gotten from Plaintiff, as witnessed by Lt. Christopher White, with two other officers doing walk around with Assistant Warden Larry Childs, while Plaintiff in cell Y109, as Larry Childs read it (grievance) Stated, "I never get Grievances...hahe, but I'll take this One!.", but no answer. (documented by Security Camera Video footage/Audio).

Plaintiff, started his own __Private Administrative Process__, Redress of Grievance sent by Certified Mail # 9589 0710 5270 0479 0693 21, Claim # 1958 2024 219, sent to Defendants on July 18, 2024, in which LaTonya President signed and dated returned green 3811 receipt on July 22, 2024, in which the Respondents chosed or failed and stayed silent and/or ignore the Grievance Administrative Process.

Plaintiff, had sent __Notice of Fault and Opportunity to Cure and Contest Acceptance__ on claim # 1958 2024 219, Certified Mail # 9589 0710 5270 0479 0693 52, sent on August 1, 2024, to Respondents, but they failed or ignored to respond the Private Administrative Process.

Plaintiff, sent an __Affidavit of Notice of Default__ to Respondents by Certified Mail # 9589 0710 5270 0479 0693 69, Claim # 1958 2024 219, on August 15, 2024, letting Respondents know they failed to contest acceptance and therefore in agreement to the facts by their silence and 'general acquiescence' to facts expressed in the Affidavit, and Recorded Liberty County, Florida.

*incarcerated or detained in any facility, brought an action or appeal in a*
*court of the United States that was dismissed on the grounds that it is*
*frivolous, malicious, or fails to state a claim upon which relief may be*
*granted, unless the prisoner is under imminent danger of serious physical*
*injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate
   court, dismissed as frivolous, as malicious, for failure to state a
   claim, or prior to service?

   □ YES    ☑ NO

   If "Yes," identify the case number, date of dismissal, and court for
   each case:

   1. Date:_____Case #: _____

      Court: _____

      Reason: _____

   2. Date:_____Case #: _____

      Court: _____

      Reason: _____

   3. Date:_____Case #: _____

      Court: _____

      Reason: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?

☐ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?.

☑ YES ☐ NO  (See: Filings to Date).

If "Yes," identify all lawsuits, petitions and appeals:

Walleske v. State

1. Case #: 963 So. 2d 760 (2007) Parties: _____

   Court: _____ Judge: _NA_____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #: 132 So. 3d 230 (2014) Parties: _State_____

   Court: _____ Judge: _N/4_____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

3. Case #: 121 So. 3d 1167 (2013) Parties: _State_____

   Court: _____ Judge: _N/4_____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

4. Case #: 970 So. 2d 883 (2007) Parties: _State_____

   Court: _____ Judge: _NA_____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

─ ── ─ ─ ──────────────MR. WALLESKE FEDERAL FILINGS TO DATE

CLARENCE EDWARD WALLESKE, Petitioner, v. WALTER MCNEIL, Respondent.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION
2009 U.S. Dist. LEXIS 52576
CASE NO. 1:08-cv-16-MP-AK
January 13, 2009, Decided
January 13, 2009, Filed

Editorial Information: Subsequent History

Adopted by, Remanded by, Motion denied by Walleske v. Dep't of Corr., 2009 U.S. Dist. LEXIS 46580 (N.D. Fla., June 3, 2009)

Editorial Information: Prior History

Walleske v. McNeil, 2008 U.S. Dist. LEXIS 14227 (N.D. Fla., Feb. 25, 2008)

Counsel    CLARENCE WALLESKE, Petitioner, Pro se, PERRY, FL.
      For DEPARTMENT OF CORRECTIONS, JAMES R MCDONOUGH, SECRETARY FOR THE FLORIDA DEPARTMENT OF CORRECTIONS, Respondents: ANNE CATHERINE CONLEY, ATTORNEY GENERAL - PL-01 - TALLAHASSEE FL, TALLAHASSEE, FL.
      For WALTER A MCNEIL, THE SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS, Respondent: ANNE CATHERINE CONLEY, MARK JERRY HIERS, ATTORNEY GENERAL - PL-01 - TALLAHASSEE FL, TALLAHASSEE, FL.

Judges: ALLAN KORNBLUM, UNITED STATES MAGISTRATE JUDGE.

Opinion

Opinion by:    ALLAN KORNBLUM

Opinion

REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 15, Respondent's motion to dismiss the petition for writ of habeas corpus as untimely filed. Petitioner has filed a response, and therefore, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to dismiss be denied.

Petitioner pled *nolo contendere* to three counts of lewd and lascivious battery and molestation of a child and exhibition and two counts of showing obscene material to a minor. Judgment was entered on June 27, 2005. Petitioner did not appeal, and thus, the conviction became final on July 27, 2005. Fla. R. App. P. 9.110(b). On March 27, 2006, Petitioner filed {2009 U.S. Dist. LEXIS 2}a Rule 3.850 motion for post-conviction relief in state court. Doc. 15, Ex. L; *see also Walleske v. Osburn,* Case No. 1:06cv107-MMP/AK (N.D. Fla.) (*Walleske I*) at Doc. 8. On May 16, 2006, Petitioner filed a habeas petition in this Court. *Walleske I* at Doc. 1. On June 16, 2006, the state court dismissed the 3.850 motion as facially insufficient but without prejudice for Petitioner to file a facially sufficient motion. *Id.* at Doc. 8. More specifically, the court found that the motion was facially insufficient because Petitioner had failed (1) in his claim of ineffectiveness, to allege how counsel's actions prejudiced him, and (2) with regard to withdrawing his plea, to allege that he wanted to withdraw his plea or that "withdrawal of his plea is necessary to correct a 'manifest injustice.'" *Id.* It did not set a deadline for filing a facially sufficient motion.

In accordance with the state court's order, on August 7, 2006, Petitioner filed another Rule 3.850 motion for post-conviction relief. 1 Based on Petitioner's motion to dismiss and the undersigned's recommendation, the first habeas petition was therefore dismissed in this Court without prejudice for failure to exhaust. *Id.* at Doc. {2009 U.S. Dist. LEXIS 3}9. Petitioner's 3.850 motion then proceeded in state court, where it was denied and later affirmed on appeal with the mandate issuing on September 27, 2007. *Walleske v. State,* 963 So.2d 706 (Fla. Dist. Ct. App. 2007).

On October 22, 2007, Petitioner filed a motion for belated appeal. 2 By order dated October 30, 2007,

1

## ---------------MR. WALLESKE FEDERAL FILINGS TO DATE

the appellate court construed the motion as challenging the underlying criminal judgment but found the motion "legally insufficient in that it fails to set forth the specific acts sworn to by petitioner that constitute the basis for entitlement to a belated appeal. See Fla. R. App. P. 9.141(c)(3)(F)." Doc. M. More specifically, the court found that the motion "does not allege that petitioner timely made a request of his counsel to proceed with an appeal, or to otherwise demonstrate that through no fault of petitioner, a timely appeal was not taken." *Id.* The court therefore "afforded [Petitioner] 30 days from the date hereof within which to serve an amended petition curing this deficiency." *Id.* On November 11, 2007, Petitioner {2009 U.S. Dist. LEXIS 4}filed an amended motion for belated appeal. Doc. 15, Ex. N. On December 17, 2007, the court denied the motion on the merits. Doc. 15, Ex. O.

The instant petition was filed on January 8, 2008, when Petitioner deposited the petition in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual {2009 U.S. Dist. LEXIS 5}predicate for the claim could have been discovered by due diligence. 28 U.S.C. 2244(d)(1)(A)-(D). Only subsections(A) is at issue in this case. From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or July 27, 2006. 28 U.S.C. 2244(d)(1)(A).

Respondent did not alert the Court to the March 27, 2006, motion for post-conviction relief, focusing instead on the August 7, 2006, motion. Assuming no relation back to the original 3.850 motion, from that later date, the instant petition would be untimely, as the one-year statute of limitations would have expired 11 days before the August motion was even filed. However, since a "properly filed" motion for post-conviction relief will toll the one-year filing period,

*id.* at 2244(d)(2), the question is whether the statute of limitations stopped on March 27, 2006, when Petitioner filed his first Rule 3.850 motion.

The answer to this question is governed by *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000), in which the United States Supreme Court found that a post-conviction motion is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing {2009 U.S. Dist. LEXIS 6}filings." *Artuz*, 531 U.S. at 8. "These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (citations and footnotes omitted). "[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* (emphasis in original). In short, the answer in this case hinges on whether facial sufficiency is a "condition to filing, as opposed to a condition to obtaining relief." *Id.* at 11. Towards that end, the Court looks to the "state procedural rules governing filings to determine whether an application for state post-conviction relief is 'properly filed.'" *Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004).

Without dispute, if the first 3.850 motion had been dismissed for untimeliness, lack of jurisdiction, or failure to submit the motion under oath, then it would not have been "properly filed," and tolling would not have occurred with its filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (untimely motion not properly filed); *Estes v. Chapman*, 382 F.3d 1237 (11th Cir. 2004) {2009 U.S. Dist. LEXIS 7}(motion filed with court not having jurisdiction not properly filed); *Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000) (motion submitted without oath not properly filed). However, when the motion was dismissed for facial insufficiency, i.e., because it failed to plead sufficient facts upon which relief could be granted, or, in the words of *Artuz*, because it failed to meet a "condition to obtaining relief," the first 3.850 motion plainly fell within the ambit of a "properly filed" motion, thereby triggering tolling.

With that said, the statute of limitations stopped running on March 27, 2006, after 243 days of the one-year period had expired. It indisputably remained tolled between March 27, and June 16, 2006, when the first motion was dismissed. With 30 days added

## ---------------MR. WALLESKE FEDERAL FILINGS TO DATE

for time to appeal, then, the time was tolled until Monday, July 17, 2006. 3

The statute of limitations resumed at that time and continued running another 21 days until Petitioner filed the second 3.850 motion on August 7, 2006. The clock stopped at that time, and the time remained tolled until September 27, 2007, {2009 U.S. Dist. LEXIS 8}when the mandate affirming the dismissal of the second motion was issued.

Between September 27, and October 22, 2007, when Petitioner filed the motion for belated appeal, another 25 days elapsed. The clock stopped at that time, *Williams v. Crist*, 230 Fed. Appx. 861 (11th Cir. 2006); *Patrick v. McDonough*, 2007 U.S. Dist. LEXIS 80498, 2007 WL 3231740 (N.D. Fla. Oct. 29, 2007), and the time remained tolled until at least December 17, 2007, when the court denied Petitioner a belated appeal.

The time resumed running at that time and ran until January 8, 2008, when the instant petition was filed. During that time, another 22 days elapsed.

In total, 311 days of the one-year statute of limitations were untolled, and therefore, the instant petition was timely filed. In reaching this calculation, the Court has not addressed the issue of whether the filing of the second 3.850 motion may have actually related back to the date of the original 3.850 filing, *see Knight v. McNeil*, Case No. 1:07cv62-MMP/AK (N.D. Fla.); *Patrick v. McDonough*, 2007 U.S. Dist. LEXIS 80498, 2007 WL 3231740 (N.D. Fla. Oct. 29, 2007), as that is an unnecessary exercise in this case.

In light of the foregoing, it is respectfully RECOMMENDED that the motion to dismiss, Doc. 15, be DENIED, {2009 U.S. Dist. LEXIS 9}and this cause be REMANDED FOR FURTHER PROCEEDINGS.

IN CHAMBERS at Gainesville, Florida, this *13th* day of January, 2009.

*/s/ A. KORNBLUM*

ALLAN KORNBLUM

UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Footnotes

1

The motion is actually dated August 8, 2006; however, because the state court set the filing date as August 7, 2006, this Court will follow suit. 2

This is the certificate of service date and will be used for purposes of determining the timeliness issue in this case. It is clear that Petitioner gave the document to a prison official for mailing, but the handwritten date is not entirely legible in the form presented. 3

In the final say, this 30-day period will not affect the conclusion that the instant petition was timely filed.

CLARENCE EDWARD WALLESKE, Petitioner, v. WALTER A. MCNEIL, 1 Respondent. UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION 2008 U.S. Dist. LEXIS 14227 CASE NO. 1:08-cv-16-MP-AK February 25, 2008, Decided February 25, 2008, Filed

Editorial Information: Subsequent History

Magistrate's recommendation at Walleske v. McNeil, 2009 U.S. Dist. LEXIS 52576 (N.D. Fla., Jan. 13, 2009)

Counsel    CLARENCE WALLESKE, Petitioner, Pro se, PERRY, FL.

Judges: ALLAN KORNBLUM, UNITED STATES MAGISTRATE JUDGE.

Opinion

Opinion by:    ALLAN KORNBLUM

Opinion

ORDER

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Clarence Edward Walleske. Petitioner has paid the filing fee. The Court has reviewed the petition, and Respondent will be required to file an answer or other pleading within the time set by this order. See 2254 Rules 4 and 5. If an answer is filed, it shall be in compliance with 2254 Rule 5. If a response is filed which raises a procedural argument not going to the merits, Respondents may await a ruling on that defense before filing an answer on the merits. Alternatively, Respondent may proceed directly to the merits without necessarily waiving the exhaustion requirement. See 28 U.S.C. 2254(b)(2) and 2254(b)(3).

Petitioner may file a response to Respondent's arguments within the time set by this order, but he is not required to do so. Upon receipt of the Respondent's arguments and Petitioner's response (if any), the court will review the file to determine whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence {2008 U.S. Dist. LEXIS 2}outside the state court record appears necessary to the court. If it is determined that an

evidentiary hearing is not required, the court will dispose of the petition as justice requires pursuant to 2254 Rule 8(a).

Accordingly, it is ORDERED:

That    Walter    A.    McNeil    is    hereby SUBSTITUTED for the Department of Corrections as the proper respondent;

That the clerk shall furnish by certified mail, return receipt requested, a copy of the petition for writ of habeas corpus, Document 1, and this order to Respondent and the Attorney General of the State of Florida;

Respondent shall file an answer or other pleading on or before April 28, 2008;

Petitioner shall have until May 28, 2008, to file a response, if desired.

DONE AND ORDERED this *25th* day of February, 2008.

*s/ A. KORNBLUM*

ALLAN KORNBLUM

UNITED STATES MAGISTRATE JUDGE

Footnotes

1    The appropriate respondent is Petitioner's custodian, the Secretary of the Florida Department of Corrections, Walter A. McNeil, who is hereby substituted in the stead of the Department of Corrections.

CLARENCE WALLESKE, Petitioner, v. MICHAEL OSBURN,                        Respondent.
UNITED STATES DISTRICT COURT FOR THE NORTHERN    DISTRICT    OF    FLORIDA,

4

## --------------MR. WALLESKE FEDERAL FILINGS TO DATE

GAINESVILLE                    DIVISION
2006    U.S.    Dist.    LEXIS    63213
CASE        NO.        1:06-cv-00107-MP-AK
July        18,        2006,        Decided
July 18, 2006, Filed

Editorial Information: Subsequent History

Adopted by, Dismissed without prejudice by
Walleske v. Osburn, 2006 U.S. Dist. LEXIS
63216 (N.D. Fla., Aug. 18, 2006)

Counsel    {2006 U.S. Dist. LEXIS 1} CLARENCE
WALLESKE, Petitioner, Pro se, MIAMI, FL.

Judges: ALLAN KORNBLUM, UNITED STATES
MAGISTRATE JUDGE.

Opinion

Opinion by:    ALLAN KORNBLUM

Opinion

REPORT AND RECOMMENDATION

By prior order, this Court directed Petitioner to file a
supplement to his habeas petition because he had
admitted on the face of his petition that he had not
exhausted his state court remedies. Doc. 4. This
matter is presently before the Court on Doc. 8,
Petitioner's motion to stay proceedings or, in the
alternative, dismiss the petition without prejudice
until he has exhausted.

Section 2254 relief will not be granted unless
Petitioner "has exhausted the remedies available in
the courts of the State" or "there is an absence of
available State corrective process" or "circumstances
exist that render such process ineffective to protect
the rights of the applicant." 28 U.S.C. 2254(b)(1)(A)
and (B). A claim is not exhausted if Petitioner "has
the right under the law of the State to raise, by any
available procedure, the question presented." 28

U.S.C. 2254(c); see also O'Sullivan v. Boerckel, 526
U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d
1 (1999) (state{2006 U.S. Dist. LEXIS 2} prisoner
must "invok[e] one complete round of the State's
established appellate review process").

Although the state court has dismissed Petitioner's
motion for post-conviction relief, it has afforded him
the opportunity "to file a facially sufficient motion
under Fla. R. Crim. P. 3.850. It is therefore clear that
Petitioner has not exhausted his available state court
remedies, and thus, dismissal of this cause is
appropriate.

In light of the foregoing, it is respectfully
RECOMMENDED:

That Petitioner's alternative motion to dismiss, Doc.
8, be GRANTED;

That the petition for writ of habeas corpus, Doc. 1, be
DISMISSED WITHOUT PREJUDICE for failure to
exhaust.

IN CHAMBERS at Gainesville, Florida, this 18th
day of July, 2006.

s/ ALLAN KORNBLUM

UNITED STATES MAGISTRATE JUDGE

5

6. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   (***Attach additional pages as necessary to list all cases.***)

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3.  I understand it is my obligation to timely notify the Clerk's Office if there
    is any change to my mailing address and that my failure to do so may result
    in a dismissal of the action.

Date: 10/9/2024 Plaintiff's Signature: *Clarence Edward Walleske*

Printed Name of Plaintiff: *Clarence Edward Walleske*

Correctional Institution: *Avon Park Work Camp, #G122264*

Address: *8100 Hwy. 64 - East*

              *Avon Park, Florida 33825*

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

**the prison's mail system for mailing on the** 9th **day of** October **, 20** 24

Signature of Incarcerated Plaintiff: *Clarence Edward Walleske*

PROVIDED TO AVON PARK
CORRECTIONAL INSTITUTION
ON 10-15-24 FOR MAILING
BY A. HAMILTON
CWC

Clarence Walleske # G12264
Avon Park Work Camp
8100 Hwy 64 - East
Avon Park, Florida 33825 - 6825

Case # 4:24 CV 0203-WS-MAF-ECF 19

OCT 1 8 2024

FIRST-CLASS

US POSTAGE »+ PITNEY BOWES

ZIP 33825 $ 002.31⁰
02 7W
0008035327 OCT 14. 2024

United States District Court
Northern Dist. of Fla.

Office of the Clerk, Federal Building

111 North Adams Street
Suite 322
Tallahassee, Florida 32301 - 7717