# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CLARENCE E. WALLESKE,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:24cv203-WS-MAF**

**RONTERRIOUS WILLIAMS,**
**ans JENNIFER LYONS,**

    **Defendants.**

**_____/**

# O R D E R

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed a second amended civil rights complaint, ECF No. 22. The pleading has been reviewed as required by 28 U.S.C. § 1915A, and it is still insufficient to proceed. Plaintiff will be provided one more opportunity to file a third amended complaint. Plaintiff shall have until November 22, 2024, to comply with this Order.

Plaintiff's complaint is brought against two Defendants. The allegations presented against Defendant Williams in this version of the

complaint are on the border of stating a claim. Plaintiff should provide greater clarification of those allegations in his third amended complaint.

In general, Plaintiff alleges that he was violently attacked and sexually assaulted by two inmates, and claims the attack was possible because Defendant Williams opened doors and allowed the inmates to have access into his quad where he was attacked. *Id.* It is not clear whether Defendant's actions were because of malice or negligence.

The Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). The Amendment requires officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832, 114 S. Ct. at 1976 (quoting Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984)). In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833, 114 S. Ct. at 1976-1977 (citing Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.), *cert. denied* 488 U.S. 823 (1988)). However, not "every injury suffered by one

prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977.

To prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings.  First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk[1] of serious harm." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)). Second, he must show that the defendant prison official had a "culpable state of mind" (be deliberately indifferent) in that he knew of and disregarded "an excessive risk to inmate health or safety."  511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979.  In other words, the Defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979.  The "deliberate indifference" standard "entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing

---

[1] The Court did not address the question of "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes."  511 U.S. at 834, n.3, 114 S. Ct. at 1977, n.3.

Case No. 4:24cv203-WS-MAF

harm or with knowledge that harm will result." *Id.* at 835, 114 S. Ct. at 1978.

In this case, Plaintiff has not alleged that Defendant knew or had reason to believe that Plaintiff was in danger of assault from the two inmates. There are no facts alleged which reveal the attack should have been anticipated by the Defendant, or that Defendant Williams was otherwise subjectively aware that the two inmates should not have been provided access into the Quad. Merely permitting access without such knowledge is insufficient to state a claim under the Eighth Amendment.

Following the attack, Plaintiff alleged that he was taken to the medical unit and was give an assessment by Defendant Jennifer Lyons. *Id.* at 6. Plaintiff was taken by ambulance to an outside hospital for treatment. When Plaintiff returned to the institution, he makes a conclusory allegation that Defendant Lyons "failed to follow-up," but Plaintiff does not provide facts to support that allegation. Plaintiff has not shown that the Defendant failed to provide him with necessary medical care and he has not explained what follow up care he should have received. Plaintiff has also not provided facts which clarify that the nurse was responsible for providing that follow-up care or scheduling appointments. As presented, the claim

against Defendant Lyons is insufficient and it appears that Plaintiff should omit this Defendant from his third amended complaint.  As a matter of observation, the nurse has no control over how long it takes an ambulance to arrive at the institution or deliver him to the hospital.  Further, Plaintiff has not shown that Nurse Lyons failed to properly assess his medical needs or seek the necessary treatment on his behalf.  Whether evidence was preserved or not for a criminal charge to be brought against Plaintiff's attackers has not been shown to be the fault of Defendant Lyons, but it still remains that Plaintiff does not have a right to an investigation or to have charges filed on his behalf. Plaintiff has not identified a constitutional right that was violated by Defendant Lyons' actions or inactions.

Finally, it would appear that Plaintiff contends that he was unable to properly exhaust administrative remedies because of the actions of prison officials.  ECF No. 22 at 11.  After receiving no response to his grievance, Plaintiff contends he started his own administrative process.  Id.

Plaintiff is reminded that inmates must exhaust all available administrative remedies prior to filing a civil rights case, but they need not exhaust unavailable ones.  The Supreme Court explained in Ross v. Blake, 136 S. Ct. 1850, 1859-60, 195 L. Ed. 2d 117 (2016), that an administrative

remedy must be "available" to be exhausted.  The Court noted three circumstances in which administrative remedies are not available: (1) when the administrative remedy "operates as a simple dead end;" (2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use;" and (3) when prison "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Ross, 136 S. Ct. at 1859-60.  As all "courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable."  136 S. Ct. at 1860.  With that guidance, Plaintiff should determine if there is a basis to continue with this case.  If Plaintiff is unable to show that the Department's grievance process was "unavailable" to him, he is warned that this case may be dismissed should Defendants raise exhaustion as a defense to his claims.

Plaintiff will be provided the civil rights complaint form used in this Court, and Plaintiff must submit his third amended complaint on that form as required by the local Rules of this Court.  N.D. Fla. Loc. R. 5.7.  When Plaintiff submits his third amended complaint, Plaintiff must present the factual allegations in short, numbered paragraphs as is required by Rule 10(b) and Plaintiff must attempt to write larger.  Plaintiff must clearly state

the factual allegations which support the legal claims he raises. The allegations must be more than conclusory assertions, and the third amended complaint must contain all relevant factual allegations. Because an amended complaint completely replaces all previous complaints, claims not raised in the third amended complaint are deemed abandoned. N.D. Fla. Loc. R. 15.1. The third amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forward to Plaintiff a § 1983 complaint form so that Plaintiff can file a third amended complaint as directed.

2. Plaintiff has until **November 22, 2024**, to file a third amended civil rights complaint, which must be typed or clearly written and submitted on the § 1983 form used in this Court.

3. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

Case No. 4:24cv203-WS-MAF

4.  Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody.

5.  If Plaintiff concedes that he did not properly exhaust administrative remedies prior to initiating this case, Plaintiff is advised to file a notice of voluntary dismissal pursuant to Rule 41(a) by the November 22, 2024, deadline.

6.  The Clerk of Court shall return this file upon receipt of Plaintiff's third amended complaint or no later than November 22, 2024.

**DONE AND ORDERED** on October 22, 2024.

> S/  Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**