# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**CLARENCE E. WALLESKE,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:24cv203-WS-MAF**

**RONTERRIOUS WILLIAMS,**
**ans JENNIFER LYONS,**

      **Defendants.**

_____/


## O R D E R

Plaintiff, an inmate proceeding pro se and with in forma pauperis

status, has filed a motion to hold in abeyance.  ECF No. 25.  The basis for

this request is so that Plaintiff could exhaust administrative remedies with

the Department of Corrections.  *Id.*  Plaintiff contends that the case could

be held in abeyance rather than dismissed pursuant to <u>Edwards v Balisok</u>,

520 U.S. 641, 649 (1997).

On October 22, 2024, an Order was entered directing Plaintiff to file a

third amended civil rights complaint.  ECF No. 23.  Plaintiff was given until

November 22, 2024, to do so.  *Id.*  That Order pointed out that Plaintiff had

said he was unable to properly exhaust administrative remedies because of the actions of prison officials.  *See* ECF No. 22 at 11.  He said that after receiving no response to his grievance, he started his own administrative process.  *Id.*  The Order explained that inmates must exhaust all available administrative remedies prior to filing a civil rights case pursuant to 42 U.S.C. § 1997e(a), but they need not exhaust unavailable ones.  ECF No. 23 (citing to Ross v. Blake, 136 S. Ct. 1850, 1859-60, 195 L. Ed. 2d 117 (2016)).  Plaintiff was directed to determine if there was a basis to continue with this case.  ECF No. 23.

Plaintiff now seeks permission to stay this case while he seeks to exhaust administrative remedies, essentially conceding he has not yet done so.  The fact is, "exhaustion is mandatory under the PLRA."  Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 918, 166 L. Ed. 2d 798 (2007).  "[C]ourts are not free to fashion exceptions to the exhaustion requirement, even when the circumstances of a particular case may seem to merit one."  Varner v. Shepard, 11 F.4th 1252, 1264 (11th Cir. 2021).  The law is exceptionally clear that an inmate "must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit."  Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (emphasis in original,

Case No. 4:24cv203-WS-MAF

quoting <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207 (11th Cir. 2000)).  After

enactment of the PLRA, "there is no longer discretion to waive the

exhaustion requirement."  <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325 (11th

Cir. 1998).  Because "exhaustion is now a pre-condition to suit," this Court

cannot provide Plaintiff with a continuance so he could belatedly pursue

administrative remedies.  <u>Alexander</u>, 159 F.3d at 1326.

Plaintiff's citation to <u>Edwards v Balisok</u> does not alter that conclusion.

When the Supreme Court remanded the <u>Balisok</u> case, it included a

comment on "the District Court's decision to stay this § 1983 action while

respondent sought restoration of his good-time credits, rather than dismiss

it."  <u>Edwards v. Balisok</u>, 520 U.S. 641, 649, 117 S. Ct. 1584, 1589, 137 L.

Ed. 2d 906 (1997).  The Supreme Court said it was "error" for the District

Court to assume that after the prisoner "exhausted his state remedies, the

§ 1983 action could proceed."  <u>Balisok</u>, 520 U.S. at 649, 117 S. Ct. at 1589.

The Court emphasized that § 1983 did not contain a "judicially imposed

exhaustion requirement."  *Id.*  The Court said that "absent some other bar

to the suit, a claim either is cognizable under § 1983 and should

immediately go forward, or is not cognizable and should be dismissed."  *Id.*

In this case, there is another bar to this suit.  It is not a judicial imposed

requirement, but a statutory one.  The PLRA's exhaustion requirement as set forth in 42 U.S.C. § 1997e(a) "eliminates judicial discretion and instead mandates strict exhaustion."  <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1155 (11th Cir. 2005).  Accordingly, Plaintiff's motion to hold this case in abeyance, ECF No. 25, is denied.

Plaintiff is given an extension of time to comply with the prior Order, ECF No. 23.  If Plaintiff is unable to show that the Department's grievance process was "unavailable" to him, he is warned that this case may be dismissed should Defendants raise exhaustion as a defense to his claims. If Plaintiff concedes he has not exhausted available remedies - as it appears he does - he should file a notice of voluntary dismissal and then refile this case after having exhausted his remedies.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion to hold in abeyance, ECF No. 25, is **DENIED**.

2.  Plaintiff has until **December 23, 2024**, to file a third amended civil rights complaint, which must be typed or clearly written and submitted on the § 1983 form used in this Court.

Case No. 4:24cv203-WS-MAF

3.  Alternatively, Plaintiff should file a notice of voluntary dismissal if he concedes he has not exhausted administrative remedies.

4.  **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

5.  Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody.

6.  The Clerk of Court shall return this file upon receipt of Plaintiff's third amended complaint or no later than December 23, 2024.

**DONE AND ORDERED** on November 20, 2024.


**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**